Circuit Court, District of Columbia. April Term, 1823.

PROMISSORY NOTE—PROTEST—NOTICE.

If the notary, not finding the indorser at home, leaves a written notice with some one of his family, it is sufficient.

[See Greatrake v. Brown, Case No. 5,743; Bank of U. S. v. Hatch, 6 Pet. (31 U. S.) 250, affirming Case No. 918; McMurtrie v. Jones, Id. 8,905; Williams v. Bank of U. S., 2 Pet. (27 U. S.) 96; Bank of U. S. v. Corcoran, 2 Pet. (27 U. S.) 121, affirming Case No. 912.]

At law. Assumpsit [by Frederick Cana] against [James Friend] an indorser of a promissory note, for $164.80, at four months. Whetcroft, the notary public, produced his notarial book in which he had stated that he notified the defendant by letter, all the parties being residents in the city of Washington; and testified that it was his general practice to call at the residence of the indorser, and, if he was not at home, to deliver a written notice to any person who came to the door when he knocked, and to request such person to deliver it to the indorser.

Mr. Wallach, for plaintiff.

Mr. Caldwell, for defendant, objected that this was not sufficient notice.

But THE COURT (nem. con.) said it was sufficient if the jury believed from the evidence that such notice in writing was so delivered at the dwelling-house of the defendant in this case. Verdict for plaintiff.

[1] [Reported by Hon. William Cranch, Chief Judge.]

CANADA, The (ALLEN v.). See Case No. 219.

CANADAY, In re. See Case No. 2,377.

### Case No. 2,376.

#### The CANADIAN.

[Brown, Adm. 11.] [1]

District Court, D. Michigan. June, 1856.

CARRIERS—PASSENGER'S CONTRACT—DAMAGES.

Where the master of a schooner who had taken passage on a steamer to rejoin his vessel, was carried past the place for which he had bought his ticket, and at which the steamer usually stopped, he was held entitled to recover not only for his personal expenses and loss of time, but damages in the nature of demurrage for the detention of his vessel.

Libel for breach of contract in failing to land a passenger at the port to which he had taken passage. Libellant was the master of a vessel lying at Algonac, an intermediate port on the St. Clair river, between Detroit and Lake Huron. He had left his vessel, going up the river, and secured her a cargo, and on the 4th of July took passage on the Canadian, at Port Huron, paid his fare to Algonac, with the intention of stopping there and rejoining his vessel. Evidence was given that the steamer usually stopped there, and that the clerk informed libellant she would stop there on that trip. She did not stop, however, but carried libellant on to Detroit, whereby he was prevented from rejoining his vessel before the afternoon of the following day. The wind which had been favorable during the 4th and 5th, shifted to the northward on the evening of the 5th, and prevented the departure of the vessel before

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

noon of the 7th. She thereby lost the cargo which libellant had engaged.

John S. Newberry, for libellant.
Alfred Russell, for claimant.

WILKINS, District Judge. This action is brought to recover damages for a breach of contract in failing to land the libellant at Algonac, for which place he had purchased his ticket. The contract and its breach are admitted. Libellant took passage on the Canadian for Algonac, with the assurance that the steamer would stop there on her downward trip. He procured his ticket with that understanding, the clerk stating she would land him there. When opposite this place he refused to put the libellant ashore, but the owner being on board directed her master "to put her through and not to stop," and the steamer passed on to Detroit, taking the libellant with her. These facts are not controverted. The only question is as to the damages. These must be limited to the actual loss sustained by the libellant in consequence of the failure of the steamer to perform her contract. He was at the time owner of the schooner Oceana, which was lying at Algonac waiting for him, he having gone up to Lexington to engage a cargo for her. It is alleged, though not very satisfactorily proven, that he failed to obtain this by reason of his delay in reaching the schooner. He is entitled, however, to remuneration for his loss of time and damages in the nature of demurrage for the detention of his vessel for three days. This, with his personal outlay, amounts to $103.50, for which a decree will be entered, rejecting the estimate of the probable profits of a trip to Cleveland. This action is clearly sustainable. The passenger thus wronged should be compensated in damages adequate to the nature of the injury, and passenger steamers must be kept to the fulfillment of their engagements. Decree for libellant.